IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 7, 2023 Session

## KNOX COMMUNITY DEVELOPMENT CORPORATION v. WILLIAM G. MITCHELL

**Appeal from the General Sessions Court for Knox County**
**No. 96295DT**

_____

**No. E2023-00714-COA-R3-CV**

_____

This is an appeal from a final order entered on January 17, 2023, in the Knox County General Sessions Court ("Trial Court"). The Notice of Appeal filed by the appellant incorrectly sought review in this Court instead of the circuit court. Furthermore, the Notice of Appeal was not filed until May 12, 2023, more than ten days after entry of the Trial Court's judgment from which the appellant seeks to appeal. Because the Notice of Appeal was untimely and was filed in the wrong court, we have no jurisdiction to consider this appeal. We also determine that transferring the appeal to the correct court would be futile.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

William G. Mitchell, Knoxville, Tennessee, Pro Se.

James Neil Gore, Knoxville, Tennessee, for the appellee, Knox Community Development Corporation.

**MEMORANDUM OPINION**[1]

---

[1] Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The *pro se* appellant, William G. Mitchell ("Appellant"), filed a notice of appeal on May 12, 2023, stating that he seeks to appeal a judgment entered on January 17, 2023. Appellant included a copy of the judgment with his notice of appeal. The judgment from which Appellant is attempting to appeal was rendered by the Trial Court in an unlawful detainer action.

This Court entered an order directing Appellant to show cause in this appeal as to why the appeal should not be dismissed for being untimely filed and filed in an incorrect court. In response, Appellant requested additional time to respond. Although Appellant's motion for an extension of time to respond to the show cause order was granted, Appellant failed to file any further response providing a reason why this Court should not dismiss this appeal.

In order to be timely filed, an appeal "from a decision of the general sessions court" may be taken "to the circuit court of the county within a period of ten (10) days . . . ." Tenn. Code Ann. § 27-5-108(a)(1). Instead, Appellant filed his notice of appeal one hundred and fifteen days after entry of the Trial Court's judgment and filed it in the wrong court. Because the appeal was not filed within ten days of entry of judgment, transfer of the appeal to the correct court would be futile.

Therefore, because we lack jurisdiction to consider the appeal and transferring the matter to the proper court would be futile, this appeal is dismissed. Costs on appeal are taxed to the appellant, William G. Mitchell, for which execution may issue if necessary.[2]

**PER CURIAM**

---

[2]We note that Mr. Mitchell filed a Uniform Civil Affidavit of Indigency with his Notice of Appeal. However, Mr. Mitchell's alleged indigency does not relieve him from paying the court costs associated with this appeal. *See* Tenn. Code Ann. § 20-12-127(b) (stating that the filing of a civil action upon a pauper's oath "does not relieve the person filing the action from responsibility for the costs or taxes but suspends their collection until taxed by the court"). Therefore, Mr. Mitchell's motion is DENIED as moot.